ANDREWS *versus* WHITE.

The traveling from place to place, *though within the same town*, for the purpose of vending goods, wares and merchandize, without having obtained license therefor, is a violation of the statutes of 1846, c. 200, and of 1848, c. 63.

EXCEPTIONS from the District Court, COLE, J.

Debt, to recover a penalty, upon the charge, that the defendant, *at Biddeford*, did presume to travel, and did travel from place to place for the purpose of vending goods, wares, &c. without license.

The defendant contended, that the penalty is not incurred by traveling for such purpose in a single town. But the Judge instructed the jury, that traveling from place to place *in the same town*, in the manner and for the purposes described in the declaration, would be a violation of the statute.

The defendant excepted.

*Leland*, for the defendant.

"From place to place," in the statute, means "from a place

in one town to a place in another." And yet the declaration alleges the defendant's acts to have been all done in one town, Biddeford.

The declaration was defective in its description of places. They may have all been in one house. .

It was error in the Judge to refer the jury to the declaration in the writ.

*Goodwin*, for the plaintiff.

HOWARD, J. — The plaintiff declared for a forfeiture, alleged to have been incurred by the defendant by traveling " from place to place," in the town of Biddeford in this State, " for the purpose of vending sundry goods, wares and merchandize, without having obtained any license therefor," contrary to the provisions of the statutes of 1846, c. 200, and of 1848, c. 63, relating to hawkers and pedlers. The question presented by the exceptions is, whether traveling " from place to place" in the same town, in the manner, and for the purposes mentioned in the declaration, would constitute a violation of these statutes. The Judge of the District Court instructed the jury, that it would constitute such violation.

It has been decided, that the phrase " from place to place," in statutes conferring jurisdiction for the location of highways, authorized their establishment from one place in a town to another place in the same town. *Commonwealth* v. *Cambridge*, 7 Mass. 158; *New Vineyard* v. *Somerset*, 15 Maine, 21; *Vassalborough* v. *County Commissioners of Kennebec*, 19 Maine, 338; *Harness* v. *County Commissioners of Waldo*, 26 Maine, 353 ; *Windham* v. *County Commissioners of Cumberland*, 26 Maine, 406.

The statutes, " in relation to hawkers and pedlers," appear to have been drawn with special intent to extend their prohibitions equally throughout the State. If the phrase " from town to town," only, had been used, the business of peddling could have been successfully prosecuted, perhaps, within cities, villages and populous towns, and in large tracts of territory

unincorporated, without restriction, but by the use of the phrase " from place to place," after the phrase " from town to town," the object of the Legislature would seem to have been effected, and the prohibitions made so general and definite as to affect the traffic in all parts of the State. Wherever, therefore, a person can travel in the State, for the purpose of vending goods, wares and merchandize within the prohibition, there he may incur the penalty provided by statute.

The exceptions to the charge of the Justice of the District Court, and to his refusals to rule as requested, must be overruled.